IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BROSHIOUS,

    Plaintiff,

v.                                                  Civ. 10-00316 RLP/RHS

FARMER BROS. CO. d/b/a
FARMER BROTHERS COFFEE, INC.

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Farmer Bros. Co. (Farmer) Motion for Judgment on the Pleadings. Plaintiff's Complaint alleges retaliatory discharge in violation of the New Mexico Human Rights Act and Title VII of the Civil Rights Act of 1964; retaliatory discharge in violation of public policy; breach of contract; and breach of the implied covenant of good faith and fair dealing.

Plaintiff was employed by Farmer from 1996 to 2009, having been promoted at least once to a supervisory role. He was terminated in 2009 and he alleges that the termination was in retaliation for certain protected activities. Farmer seeks to have the Complaint dismissed pursuant to Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6).[1] *Mock v. T.G.& Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). The Court accepts all pleaded facts in the complaint as true, and construes them in the light most favorable to the plaintiff.

---

[1] A Rule 12(c) motion is filed after the pleadings are closed; a Rule 12(b)(6) motion is filed prior to the filing of an answer. "The distinction between the two rules is purely one of procedural formality." *Brocks v. Board of County Comm'rs of Sedgwick County, Kansas*, 2008 WL 5095997, * 2 (10th Cir. 2008) (unpublished opinion).

*Ramirez v. Department of Corr.*, 222 F.3d 1238, 1240 (10th Cir.2000).  "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park University Enterprises, Inc. v. American Casualty Co. of Reading, Pa*., 442 F.3d 1239 (10th Cir. 2006) (quotation marks and citation omitted).

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Factual allegations must be sufficient to show the plaintiff has a plausible, not merely speculative, claim for relief.  *Twombly*, 550 U.S. at 555.  A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).  Bare assertions and conclusory or speculative allegations are insufficient.  *Ashcraft v. Iqbal*, -- U.S.--, 129 S.Ct. 1937, 1950-51 (2009).

Plaintiff alleges the following.  That he satisfactorily performed his job duties with Farmer, but that he was micromanaged in the hiring, supervision, and discipline of employees.  He then alleges that it was Defendant who hired individuals under Plaintiff's "chain of command," and those individuals were "hostile" to Plaintiff.  He claims that he heard many discriminatory statements made by others and discrimination was "factored into" the hiring decisions.  No time period is specified and no individuals are identified. He claims he requested a transfer at some unspecified time, but that request was refused for some unspecified reason by some unidentified person.

Plaintiff claims there were "issues" with Defendant's billing program causing inaccuracies in individual's sales goals, but that he was nevertheless required to issue warnings to employees.

Plaintiff states that he witnessed a woman being sexually harassed "by managers." He then states that a Phoenix manager harassed her. He states he reported the incident to Human Resources and his Division Manager, but nothing was done about it.

Next, Plaintiff states that in 2009 he was not receiving his full pay, that he complained about it, but that no action was taken by Defendant to correct the problem. He also claims that in 2009 one of his own employees was insubordinate and that although Plaintiff followed company policy, he was suspended from work for three days and required to attend anger management classes. Plaintiff was terminated in 2009 after receiving a poor performance review.

Title VII prohibits retaliation against an employee because he "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* Title VII retaliation claim, a plaintiff must show: (1) he was engaged in opposition to Title VII discrimination; (2) he was subjected to adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1420 (10th Cir.1995).

The Court agrees with Farmer that Plaintiff's complaint fails in all three categories. As explained by the Tenth Circuit, "'where the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct,' the complaint has merely made an *allegation*, 'but it has not *shown* that the pleader is entitled to relief." *Phillips*, 2010 WL 517629, *5 (quoting *Iqbal*, 129 S.Ct. at 1950) (emphasis in original; other alterations by the court).

Plaintiff's itemization of anecdotal incidents suggest that he is saying, "Well, *this* event *could* have caused my termination." In reality, the one incident that seems more likely than not to have resulted in his termination is his altercation with his subordinate and the subsequent stint in an anger management class.

The Court finds that Plaintiff has not stated a "plausible" claim for relief. In his Response, Plaintiff asks the Court to allow him to amend his complaint to come within the dictates of *Twombly* and *Iqbal*. Farmer does not oppose the amendment. The Court will therefore defer ruling on Defendant's Motion for Judgment on the Pleadings and grant Plaintiff 20 days from entry of this order to submit an amended complaint. The Court will make its ruling on the Motion at that time.

IT IS THEREFORE ORDERED that Plaintiff shall have 20 days from entry of this Order to submit an amended complaint; and

IT IS FURTHER ORDERED that the Court's ruling on Defendant's Motion for Judgment on the Pleadings [Doc. 10] is deferred until that time.

IT IS SO ORDERED.

_____
Richard L. Puglisi
Chief United States Magistrate Judge